*Sam P. Rose*, attorney for plaintiff.
*Wells, Smith & Macon*, attorneys for defendant.

---

## EDDY *v.* HALL.

(*Supreme Court of Colorado, December term, 1881—Error to the District Court of Weld County.*)

REPLEVIN WILL NOT APPLY TO A BUILDING ATTACHED TO A FREE-HOLD. Realty is not repleviable. A building attached to the freehold is a part thereof, and therefore is realty. Though there be a contract by which a person may sever and remove such building from the premises, such contract does not change the character of the property, nor convert the building into personal property. For a refusal to execute such contract, the law will furnish a remedy, but not by action in replevin.

ELBERT, C. J. At the date of the sale to Emmerson & West, the defendant Hall was the owner of the lot upon which the building in controversy stood. It does not clearly appear how the building was attached to the realty; but it is *prima facie* real estate, and that it was attached in some permanent manner at the date of the sale is conceded by the argument. The plaintiff in error relies on a constructive, and not an actual severance.

The parties evidently contemplated the sale of the building without the land, and its severance and removal therefrom. The effect of the sale was to give Emmerson & West, and their assigns, the right to enter upon the claim of the defendant, to sever the building therefrom, and remove it as personal property. *Shaw* v. *Carbray*, 13 Allen, 464; Tyler on Fixtures, 731, and cases cited.

Upon the subsequent refusal of Hall, the owner, to permit the severance and removal of the building, the plaintiff had her remedy, but it was not replevin. The Court below correctly held that replevin would not lie.

The building was real estate, and, as such, not repleviable.

The argreement of the parties did not, as is insisted, operate to give it the character of personalty prior to severance.

We do not see that the case is in anywise different in principle from the case of a sale of standing timber, to be cut and severed from the freehold. When severed, the trees become personalty, and not before.

Nor do we find anything in the co-partnership agreement of Hall & Johnson touching this building that changes the result. At the date of their articles of co partnership, Hall was the owner of the freehold, and the building was already erected upon, attached to and a part of the realty, and so remained during the continuation of the co-partnership.

Thus the true character of the sale to Emmerson & West remains unaffected as the sale of a building affixed to the realty, with the right to sever and remove it.

Judgment of the Court below is affirmed, with costs.

*Haynes, Dunning & Haynes,* for plaintiff in error.
*Thomas George,* for defendant in error.